**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4000**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

MALIK MONTREASE MOORE,

              Defendant - Appellant.


_____

**No. 07-5031**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

MALIK MONTREASE MOORE,

              Defendant - Appellant.


_____

Appeals from the United States District Court for the Western
District of North Carolina, at Statesville.   Richard L.
Voorhees, District Judge.  (5:05-cr-00235-RLV-DCK-3)

_____

Submitted:  November 25, 2008      Decided:  December 31, 2008

_____

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

———————————

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, P.L.L.C., Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Malik Montrease Moore was convicted of one count of conspiracy to possess with intent to distribute at least fifty grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846 (2006), for a drug distribution conspiracy existing between 1987 and 2005 in Caldwell County, North Carolina. Because Moore had two prior felony convictions, the district court sentenced him to the enhanced sentence of life in prison. Moore timely appealed.

On appeal, Moore argues that the district court: (1) erred in denying his motion for judgment of acquittal because the Government failed to sufficiently prove that he conspired to distribute cocaine base; (2) engaged in improper judicial factfinding, in violation of his Sixth Amendment rights; and (3) erred in using prior convictions to enhance his sentence. Finding no error, we affirm.

We review de novo a district court's denial of a Fed. R. Crim. P. 29 judgment of acquittal. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). In conducting such a review, we are obligated to sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by "substantial evidence." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)

(citing Glasser v. United States, 315 U.S. 60, 80 (1942)). Whether there is a single conspiracy or multiple conspiracies, and whether there was an agreement to participate in the conspiracy, are questions of fact for the jury, and we must affirm its finding "unless the evidence, taken in the light most favorable to the government, would not allow a reasonable jury so to find." United States v. Harris, 39 F.3d 1262, 1267 (4th Cir. 1994) (internal quotation marks and citation omitted); see Glasser, 315 U.S. at 80. In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the Government. United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008). The uncorroborated testimony of one witness or accomplice may be sufficient to sustain a conviction. United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997). This court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks and citation omitted).

"To prove a conspiracy under 21 U.S.C. § 846, the government must prove (1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and voluntary participation in the

4

conspiracy." United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001); see Burgos, 94 F.3d at 857. A defendant may be convicted of conspiracy without knowing all the conspiracy's details, its full scope, or all of its members, and without taking part in all of its activities over its entire existence. United States v. Nunez, 432 F.3d 573, 578 (4th Cir. 2005). He need only enter the conspiracy understanding its unlawful nature and willfully join in the plan on at least one occasion. Burgos, 94 F.3d at 858; see United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993). The existence of an unspoken or mutual understanding between conspirators is adequate evidence of a conspiratorial agreement. United States v. Cardwell, 433 F.3d 378, 390 (4th Cir. 2005). There is often little direct evidence of the conspirators' agreement. Burgos, 94 F.3d at 857. The government need not prove a conspiracy's identifiable organizational structure.

"A single conspiracy exists where there is one overall agreement or one general business venture." Nunez, 432 F.3d at 578 (internal quotation marks and citation omitted). The existence of a single conspiracy "depends upon the overlap of main actors, methods, and goals." Id. "[T]rial evidence is sufficient to establish a single conspiracy where the conspirators are shown to share the same objectives, the same

methods, the same geographic spread, and the same results." See United States v. Smith, 451 F.3d 209, 218 (4th Cir. 2006).

Here, Moore and his coconspirators were shown to have shared the same objectives and methods: distributing crack cocaine in Caldwell County for profit. Witnesses explained that Moore regularly purchased a vast quantity of drugs to supply to numerous individuals for resale. These were not isolated, buyer-seller transactions. Howell and Edmisten, coconspirators with Moore, pleaded guilty and then testified about their involvement with Moore to distribute cocaine. Other witnesses testified as to specific details of Moore's involvement in drug distribution: they knew from whom Moore obtained his crack cocaine and to whom he sold it. Moore also sold drugs to confidential informants working directly for police on more than one occasion. The totality of the evidence revealed large quantities of crack cocaine regularly being purchased and sold among the same individuals, indicating the existence of a casual but common plan. Based upon the evidence, the jury was entitled to conclude that the actions of Moore and his conspirators in the distribution of drugs amounted to a single conspiracy. Therefore, the court properly denied Moore's motion for judgment of acquittal.

Next, Moore argues that the district court violated his Sixth Amendment rights when it engaged in impermissible

fact-finding and used prior convictions to enhance his sentence. In Almendarez-Torres v. United States, 523 U.S. 224, 243 (1998), the Supreme Court held that, when seeking a sentencing enhancement based on a prior conviction, the Government "need not allege a defendant's prior conviction in the indictment or information that alleges the elements of an underlying crime." The Court reaffirmed this holding when it held that, "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (emphasis added). Moore concedes that we observed after Apprendi that "the fact of a prior conviction remains a valid enhancement even when not found by the jury," United States v. Thompson, 421 F.3d 278, 282 (4th Cir. 2005) (internal quotation marks omitted), but argues that the overruling of Almendarez-Torres is imminent, and that using prior convictions to enhance a sentence is constitutionally infirm.

Despite Moore's policy arguments, Almendarez-Torres remains authoritative, and we have reaffirmed its continuing validity after Apprendi. See Thompson, 421 F.3d at 282; United States v. Cheek, 415 F.3d 349, 351-54 (4th Cir. 2005). Moore's argument lacks merit.

7

Moore also argues that the two prior convictions used to enhance his sentence were not "prior" to the instant conspiracy conviction as they were merely separate convictions arising out of the same transaction, citing United States v. Blackwood, 913 F.2d 139, 145-46 (4th Cir. 1990). Moore contends that because the drug conspiracy as alleged in the indictment began in 1987 and continued through 2005, his convictions on August 1, 2000, for the sale and delivery of cocaine, and on April 14, 2003, for the sale of cocaine, arose out of the same criminal enterprise and could not be used to enhance his sentence.

Moore's argument is misplaced. We have squarely concluded that "[w]hen a defendant is convicted of a drug conspiracy under 21 U.S.C. § 846, prior drug felony convictions that fall within the conspiracy period may be used to enhance a defendant's sentence if the conspiracy continued after his earlier convictions were final." United States v. Smith, 451 F.3d 209, 224-25 (4th Cir. 2006); see 21 U.S.C. § 841(b)(1)(A) (outlining penalties for § 846 violations and stating that "final" prior felony convictions may be used to enhance sentence). Because the conspiracy for which Moore was convicted continued well beyond his 2000 and 2003 convictions for the sale of cocaine, we conclude these two convictions were properly

8

considered "prior" convictions for sentencing enhancement purposes.

Accordingly, we affirm Moore's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>